UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:94-CR-143-F1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | O R D E R |
| ) | |
| DARICK DEE PITTMAN, ) | |
| Defendant. ) | |

This matter is before the court on Pittman's letter motions [DE-91, -92]. Pittman's first letter [DE-91] requests modification of his restitution payments. As part of Pittman's judgment, the court ordered payment of $8,900 in restitution to be "due immediately." Judgment [DE-77]. Because Pittman was not able to pay immediately, the Bureau of Prisons set a payment schedule through the inmate financial responsibility program. Accordingly, Pittman's letter "challenges the implementation of the restitution portion of his sentence," and his letter motion must be construed as a petition for habeas corpus relief under 28 U.S.C. § 2241. *United States v. Gripper*, 224 F. App'x 219, 220 (4th Cir. 2012). A § 2241 petition for habeas corpus relief must be brought in the district where the prisoner is incarcerated. *Id.* Because Pittman is not incarcerated in this district, his letter motion requesting modification of his restitution payments [DE-91] is DENIED without prejudice to file a § 2241 petition in the appropriate district court. The court concludes it would not serve the interests of justice for the court to transfer this motion to the proper federal district court.

Pittman's second letter [DE-92] requests clarification of his sentence. Pittman states, "I have been locked up since 1994 and I just came into the federal system back in 2011. I thought my federal time was going to run with my state time as you said it would . . . ." Letter [DE-92]. Pittman's judgment and commitment, as amended by the court's July 2, 2001 order, states the following:

> The court recommends that this sentence should run consecutive to the 14 year term of imprisonment in the N.C. Department of Correction imposed in Nash Co. Superior Court on 8/23/95 (No. 94-CRS-17045). However, upon completion of the term of imprisonment in No. 94-CRS-17045, the federal term of imprisonment shall begin to run concurrently with the state terms of imprisonment as imposed in 94-CRS-17214, 94-CRS-17215, 94-CRS-17217, 94-CRS-17218, and 94-CRS-17219, as imposed in Nash Co. Superior Ct. on 8/23/1995.
>
> Except as heretofore amended, the J&C otherwise is RATIFIED IN FULL.

July 2, 2001 Order [DE-82]. As the above language demonstrates, Pittman's sentence runs concurrently to some of his state terms of imprisonment, but it runs *consecutively* to the 14-year term of imprisonment imposed in Nash County Superior Court on August 23, 1995 (No. 94-CRS-17045). Pittman's federal sentence is 360 months (30 years). In light of the fact that Pittman's 30-year federal sentence has been ordered to run *consecutive* to Pittman's 14-year state sentence, it is no surprise that Pittman has been "locked up" since 1994. Beyond informing Pittman of the court's sentence, it would not be appropriate for the court to calculate Pittman's projected release date or the amount of time he served in state prison that may be counted toward his federal sentence. Pittman is encouraged to discuss this matter with Bureau of Prison officials. Pittman's letter motion [DE-92] is therefore DENIED. The Clerk of Court is DIRECTED to mail a copy of this order to Pittman.

2

SO ORDERED.

This the 21st day of February, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3